UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN A. MCLEOD,

    Petitioner,

v.                                  Case No. 8:13-cv-3036-T-23TBM

A. LEE BENTLEY, III, et al.

    Respondents.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Petitioner's **Affidavit of Indigency** (Doc. 3), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Id.* at (e)(2)(A), (B).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.* However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Petitioner, Steven A. McLeod, brings an action for judicial review under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701 *et seq.* Respondents are A. Lee Bentley III, Acting United States Attorney, the Federal Bureau of Investigation (FBI), Tampa Field Office, and Mark Ober, Hillsborough County State Attorney. According to his Complaint, Petitioner stands convicted on two counts of sexual battery with threat of force and one count of false imprisonment, charges brought and prosecuted in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in 2000 to 2001. He is currently serving a life sentence with no parole. While vaguely pled, Petitioner alleges that

his convictions were obtained because of evidence "planted" in his office desk drawer during the search of his residence post-arrest, which was then later "tampered with" by a Tampa Police Detective, Scott Wolfe, and state prosecutor, Suzanne Rossomondo. Such was purportedly done in collusion with his defense attorney, Ursula Richardson, to obtain his conviction. *See* (Doc. 1).

Among other post-sentencing remedies pursued, the Petitioner alleges that in October 2013, he served subpoenas *duces tecum*, issued by the state circuit court, on Robert O'Neill, former U.S. Attorney, and Michael McPherson, Supervisory Special Agent of the Tampa, Florida field office of the FBI. (Docs. 1-20, 1-21). By his allegations, the subpoenas sought purportedly exculpatory evidence obtained from Ms. Rossomondo; the FBI 302 reports from FBI analyst Peggy Fox and Detective Robert Sheehan, who originally searched his residence; and information from AUSA James Muench concerning comments made by Ms. Rossomondo at his sentencing hearing in March 2001. In response, he alleges that AUSA John F. Rudy III advised that no documents would be provided absent compliance with so-called *Touhy* regulations under 28 C.F.R. § 16.21 *et seq*. When Mr. Rudy did not respond to Petitioner's request for assistance and when neither the U.S. Attorney's Office (USAO) or the FBI produced any documents, notice of suit and this suit ensued. *See* (Doc. 1).

According to his Complaint, Petitioner requests:

judicial review of the final agency decision by A. Lee Bentley, III, Acting U.S. Attorney for the Middle District of Florida, and the Federal Bureau of Investigation, to refuse to release information in their possession, which is exculpatory evidence in the Petitioner's state court criminal case, constituting a due process of law violation, in respect to 28 C.F.R. § 16.21 et seq., after service of a state court subpoena, when the Respondents jointly participated in the state court criminal investigation and court proceedings . . . .

(Doc. 1 at 1). Plaintiff asserts three counts for relief. In Count One, he alleges that the failure of the U.S. Attorney and the FBI to provide assistance in formulating the *Touhy* request after offering to do so and the decision not to provide documents were arbitrary and capricious acts in contemplation of 5 U.S.C. § 706. He seeks an Order directing the release of the requested information. In Count Two, he seeks the same relief, asserting that the conduct of the U.S. Attorney and the FBI in suppressing evidence of criminal wrongdoing by the state prosecutor to obtain his conviction was an abuse of discretion actionable under 5 U.S.C. § 706. In Count Three, he alleges that the U.S. Attorney, the FBI and Mark Ober violated his due process rights by failing to release exculpatory evidence material to his conviction and sentence as required under *Brady v. Maryland* and 5 U.S.C. § 706. (Doc. 1).

An APA action seeking review of agency action may be pursued as authorized by statute and where there has been a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review of the final agency action." *Id*. If an agency action is not final, a district court lacks jurisdiction because the matter is not ripe for judicial review. *See Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992); *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003). An action's finality is determined by an evaluation of "whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. at 797. Thus,

> [a]s a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the "consummation" of the agency's decisionmaking process, – it must not be of a merely tentative or interlocutory nature. An second, the action must be one by which "rights or

4

> obligations have been determined," or from which "legal consequences will flow."

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citation omitted).

In the instant case, Plaintiff seeks information from the U.S. Attorney in this district and the resident supervisor of the FBI Tampa field office, both of which are branches under the DOJ. The DOJ requires that any request for information must follow the procedures set forth in its regulations, otherwise known as the *Touhy* regulations. 28 C.F.R. § 16.21 *et seq.*; *see also United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (permitting the Attorney General to promulgate regulations restricting DOJ employees from disclosing official files, documents, records, and information). Under these regulations, an individual requesting information needs to provide a summary of the information sought and its relevance to the proceeding. 28 C.F.R. § 16.22(d). Once the request is submitted, the DOJ will decide whether the disclosure is authorized by referring it to the appropriate responsible official. *See* 28 C.F.R. § 16.24. The responsible official shall then refer the matter to the Deputy or Associate Attorney General, who "shall make the final decision and give notice thereof to the responsible official and such other persons as circumstances may warrant." 28 C.F.R. § 16.25(c). Then, if the individual is dissatisfied with the DOJ's response to the request, judicial review of the agency's final decision is proper through the Administrative Procedure Act, as detailed above.

Here, a thorough review of the pleadings reveals the lack of a final decision by the DOJ. The pleadings indicate that Plaintiff received an October 10, 2013 letter from the USAO that directed Plaintiff to comply with the *Touhy* regulations and to contact the USAO should he require assistance in formulating a request. (Doc. 1-22). Plaintiff alleges that

despite his October 18, 2013 letter to the USAO requesting assistance, *see* (Doc. 1-23), the USAO failed to respond or explain how to formulate a *Touhy* request. Plaintiff has construed this lack of response as a refusal by the DOJ to produce the requested information. While it appears that an assistant in the USAO did not respond to Petitioner's request for assistance, such does not reveal a final agency decision that is ripe for judicial review. Indeed, Petitioner fails to point to a letter or other communication from the DOJ that actually denies Petitioner's request. *See* 28 C.F.R. § 16.25(c) (stating that the Deputy or Associate Attorney General shall make the final decision); *cf. Westchester Gen. Hosp., Inc. v. Dep't of Health & Human Servs.*, 770 F. Supp. 2d 1286, 1293 (S.D. Fla. 2011) (department decision ripe for review where in a letter it denied the plaintiff's request for information). Instead, it appears that Petitioner has yet to submit an actual *Touhy* request to the DOJ. Pursuant to 28 C.F.R.§ 16.22(d), in order to obtain the material Petitioner seeks, he must submit a summary of the information sought and its relevance to the proceedings. Petitioner has failed to abide by these regulations. Accordingly, there is no final agency decision for this Court to review and thus, I conclude that Plaintiff does not and cannot state a plausible cause of action for a violation under 5 U.S.C. § 706.

As for Defendant Mark Ober, Petitioner has also failed to state a cause of action against him. In Count Three, Petitioner sues Mr. Ober because he "solicited and used the assistance of the FBI and [USAO] in the state court criminal case proceedings and sufficiently pooled their resources in the common goal of the Petitioner's conviction." (Doc. 1 at 2). He alleges that along with the USAO and the FBI, Mr. Ober violated his due process rights by failing to release exculpatory evidence material to his conviction and sentence as required

under *Brady v. Maryland* and the APA, 5 U.S.C. § 706. However, Petitioner's remedy as against Mr. Ober based on his conduct as the state court prosecutor in the underlying case lies elsewhere than the APA since the APA relates solely to judicial review of actions by a federal agency. *See Franklin*, 505 U.S. at 796 ("The APA sets forth the procedures by which *federal* agencies are accountable to the public and their actions subject to review by the courts.") (emphasis added); *see also* 5 U.S.C. § 701 ("'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency . . . ."); *Franklin*, 505 U.S. at 800 (holding that a court may only review APA claims if they concern an "agency" within the meaning of the Act).

For these reasons, I recommend that the Court **DISMISS** the Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 3). It is further recommended that the Court grant the Petitioner permission to file an Amended Complaint which clearly sets forth a cause of action cognizable in this Court consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.

        Respectfully submitted on this
        27th day of January 2014.

        THOMAS B. McCOUN III
        UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
United States District Judge Steven D. Merryday
*Pro se* Plaintiff