**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STEVEN A. MCLEOD,**

        Petitioner,

v.                                                   Case No.  8:13-cv-3036-T-23TBM

**A. LEE BENTLEY, III, et al.**

        Respondents.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the *pro se* Petitioner's **Affidavit of Indigency** (Doc. 17), filed in this Court on March 24, 2014, which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted.  *Id.* at (e)(2)(A), (B).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when a petitioner "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)), or the "[petitioner's] realistic chances of ultimate success are slight," *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A.

By way of background, on December 2, 2013, Petitioner filed an Administrative Procedures Act Action (Complaint) (Doc. 1) together with an Affidavit of Indigency (Doc. 3).[1] On February 26, 2014, the Court adopted the undersigned's report and recommendation (Doc. 8) and denied without prejudice Petitioner's motion for leave to proceed *in forma pauperis* and dismissed without prejudice the Complaint. (Doc. 13). The Order further

---

[1] In connection with that Complaint, the Petitioner filed two later motions: (1) a Motion for In Camera Inspection (Doc. 5) and a Motion for Court Order for Execution and Service of Subpoena on the Attorney General of the United States (Doc. 9). In the first motion, Petitioner seeks an in camera review of documents sought under the pertinent state court subpoenas directed to the U.S. Attorney's Office in the Middle District of Florida and the FBI Tampa field office. (Doc. 5). In the second motion, Petitioner seeks an order directing the Clerk of Court to execute a subpoena for delivery to the U.S. Marshal for service on Eric Holder, Attorney General of the United States. *See* (Doc. 9-1).

directed that by no later than March 14, 2014, the Petitioner could file an amended motion to proceed *in forma pauperis* and an amended complaint. *Id*. Petitioner was advised that his failure to comply strictly with the order would "result without further notice in the dismissal of this action." *Id.* On March 10, 2014, Petitioner filed a Motion for Reconsideration. (Doc. 14). In denying the motion, the Court directed that by no later than March 21, 2014, Plaintiff could file an amended motion to proceed *in forma pauperis* and an amended complaint. (Doc. 15). Petitioner was again admonished that his failure to strictly comply with the order would result without further notice in the dismissal of this action. *Id.* On March 24, 2014, Petitioner filed his Amended Administrative Procedures Act Action (Amended Complaint) along with a motion for leave to proceed *in forma pauperis*. (Docs. 16, 17).

The Amended Complaint again seeks judicial review under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701 *et seq*. Respondents are A. Lee Bentley III, Acting United States Attorney and the Federal Bureau of Investigation (FBI), Tampa Field Office. As previously recounted by the Court, Petitioner stands convicted on two counts of sexual battery with threat of force and one count of false imprisonment, charges brought and prosecuted in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in 2000 to 2001. He is currently serving a life sentence with no parole. While vaguely pled, Petitioner alleges that his convictions were obtained because of evidence "planted" in his office desk drawer during the search of his residence post-arrest, which was then later "tampered with" by Tampa Police Detective, Scott Wolfe, and state prosecutor, Suzanne Rossomondo. Such was purportedly done in collusion with his defense attorney, Ursula Richardson, to obtain his conviction. Among other post-sentencing remedies pursued,

3

the Petitioner alleges that in October 2013, he served subpoenas *duces tecum* issued by the state circuit court on Robert O'Neill, former U.S. Attorney, and Michael McPherson, Supervisory Special Agent of the Tampa, Florida field office of the FBI.[2]  By his allegations, the subpoenas seek purportedly exculpatory evidence obtained from Ms. Rossomondo; evidence in FBI 302 reports from FBI analyst Peggy Fox and Detective Robert Sheehan, who originally searched his residence; and information from AUSA James Muench concerning inculpatory comments allegedly made by Ms. Rossomondo at the sentencing hearing in March 2001.  In response to the subpoenas, he alleges that AUSA John F. Rudy III advised that no documents would be provided absent compliance with so-called *Touhy* regulations under 28 C.F.R. § 16.21 *et seq*.  Thereafter, Mr. Rudy did not respond to Petitioner's request for assistance and when neither the U.S. Attorney's Office (USAO) nor the FBI produced any documents, notice of suit and this suit ensued.

On March 5, 2014, subsequent to the dismissal of the Complaint, Petitioner provided the U.S. Attorney's Office a sworn *Touhy* request seeking the same information.  (Doc. 16-1). According to his Amended Complaint, Petitioner requests:

> judicial review of the final agency decision and/or unlawfully withheld and/or unreasonable delayed by A. Lee Bentley, III, Acting U.S. Attorney, Middle District of Florida and the Federal Bureau of Investigation, to refuse to release information in their possession, which is exculpatory evidence in the Petitioner's state court criminal case, constituting a federal consitutional due process of law violation, in respect to 28 C.F.R. § 16.21 et seq., after service of a state court subpoena, when the Respondents jointly participated in the state court criminal investigation and court proceedings . . . .

---

[2] In his Amended Complaint, Petitioner cites to several exhibits that appear to refer to those attached to the initial Complaint.

(Doc. 6 at 1). Plaintiff asserts four counts. In Count One, he alleges that the failure of the U.S. Attorney and the FBI to provide assistance in formulating the *Touhy* request after offering to do so and the decision not to provide documents were arbitrary and capricious acts in contemplation of 5 U.S.C. §§ 702, 706(2)(a) because the subpoena accurately and sufficiently placed them on notice of the information sought and its relevance to Petitioner's state court criminal case. In Count Two, he asserts that the conduct of the U.S. Attorney and the FBI in suppressing evidence of criminal wrongdoing by the state prosecutor to obtain his conviction was an abuse of discretion actionable under 5 U.S.C. § 706(2)(a). In Count Three, he alleges that the U.S. Attorney and the FBI[3] violated his due process rights by failing to release exculpatory evidence material to his conviction and sentence as required under *Brady v. Maryland* and 5 U.S.C. § 706. Finally, in Count Four, Petitioner alleges that Respondents unlawfully withheld or unreasonably delayed the release of exculpatory evidence, in violation of 5 U.S.C. § 706(1). He seeks for the Court to compel the release of the information. *See* (Doc. 16).

B.

An APA action seeking review of agency action may be pursued as authorized by statute and where there has been a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review of the final agency action." *Id*. If an agency action is not final, a district court lacks jurisdiction because the matter is not ripe

---

[3] While Petitioner also claims to bring Count Three against Mark Ober, Hillsborough State Attorney, paragraph five of the Amended Complaint indicates that he has removed Mark Ober as a respondent in this case. (Doc. 16, ¶ 5).

5

for judicial review. *See Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992); *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003). An action's finality is determined by an evaluation of "whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Franklin*, 505 U.S. at 797. Thus,

> [a]s a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the "consummation" of the agency's decisionmaking process, – it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow."

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citation omitted).

C.

In the instant case, Plaintiff seeks information from the office of the U.S. Attorney in this district and the resident supervisor of the FBI Tampa field office, both entities of the Department of Justice (DOJ). As previously set out by the Court, the DOJ requires that any request for information must follow the procedures set forth in its regulations, otherwise known as the *Touhy* regulations. 28 C.F.R. § 16.21 *et seq.*; *see also United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (permitting the Attorney General to promulgate regulations restricting DOJ employees from disclosing official files, documents, records, and information). Under these regulations, an individual requesting information needs to provide a summary of the information sought and its relevance to the proceeding. 28 C.F.R. § 16.22(d). Once the request is submitted, the DOJ will decide whether the disclosure is authorized by referring it to the appropriate responsible official. *See* 28 C.F.R. § 16.24. The responsible official shall then refer the matter to the Deputy or Associate Attorney General,

6

who "shall make the final decision and give notice thereof to the responsible official and such other persons as circumstances may warrant." 28 C.F.R. § 16.25(c). Then, if the individual is dissatisfied with the DOJ's response to the request, judicial review of the agency's final decision is proper through the Administrative Procedure Act, as detailed above.

A review of the pleadings still reveals the lack of a final decision by the DOJ resolving Petitioner's requests for information. Even accepting that the Petitioner has now submitted an adequate *Touhy* request to the DOJ, there are no allegations that such requests have been finally denied. Accordingly, in the absence of a final agency decision, the court is without jurisdiction and the matter is not ripe for court review. Stated otherwise, Petitioner does not state a plausible cause of action for a violation under 5 U.S.C. § 706.

Moreover, the Amended Complaint should be dismissed pursuant to Federal Rule Civil Procedure 41(b), for the failure of the Petitioner to file the Amended Complaint on or before March 21, 2014, as ordered by the Court. *See* (Doc. 15).

D.

For these reasons, I recommend that the Court **DENY** Plaintiff's second construed motion to proceed *in forma pauperis* (Doc. 17) and **DISMISS** the Amended Complaint (Doc. 16). It is further recommended that the Motion for In Camera Inspection (Doc. 5) and the Motion for Court Order for Execution and Service of Subpoena on the Attorney General of the United States (Doc. 9) be **DENIED**.

> Respectfully submitted on this
> 5th day of August 2014.
>
> *[signature]*
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
United States District Judge Steven D. Merryday
*Pro se* Plaintiff